# IN THE COURT OF APPEALS OF IOWA

No. 19-0348
Filed June 5, 2019

IN THE INTEREST OF A.M.,
Minor Child,

A.M., Mother,
        Appellant.

_____

Appeal from the Iowa District Court for Wright County, Paul B. Ahlers, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Justin J. Kroona of Kroona Law Office, Webster City, for appellant.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Douglas Cook of Cook Law Firm, Jewell, attorney and guardian ad litem for minor child.

Considered by Vogel, C.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

A mother appeals the termination of her parental rights to her minor child, born in 2007. She agrees that "statutory grounds for termination existed at the time of trial."[1] She argues (1) the juvenile court should have granted her an additional six months to work toward reunification or, alternatively, established a guardianship in relatives and (2) termination is not in the child's best interests. Our review is de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). Our primary consideration is the best interests of the child, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the child's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

The family began participating in voluntary services with the Iowa Department of Human Services (DHS) in September 2017. In November, the mother tested positive for methamphetamine, immediately after which the child was removed from the parents' care pursuant to an agreed-upon safety plan. The child was adjudicated a child in need of assistance in February 2018. Shortly thereafter, the mother entered into a "contract of expectations" with DHS, which was largely aimed at remedying her substance-abuse issues. However, the mother continued to test positive for methamphetamine throughout the remainder of the proceedings, including in January 2019, roughly a month before the termination hearing. The mother was pregnant with a second child during a portion of this time frame. The mother was advised by the court at one point that she had

---

[1] The juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(f) (2019). The court also terminated the child's father's parental rights. He does not appeal.

to choose between drugs and her child. The evidence shows she chose the former.

We first consider the mother's request for an extension. If, following a termination hearing, the court does not terminate parental rights but finds there is clear and convincing evidence that the child is a child in need of assistance, the court may enter an order in accordance with section 232.104(2)(b). Iowa Code § 232.117(5). Section 232.104(2)(b) affords the juvenile court the option to continue placement of a child for an additional six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period." Given the mother's continued use of methamphetamine throughout the entirety of these proceedings, we, like the juvenile court, are unable to conclude the need for removal will no longer exist at the end of an additional six-month period. We affirm the juvenile court's denial of the mother's request.

We next consider the mother's request for the establishment of a guardianship and whether termination is in the best interests of the child. The child was placed with her maternal aunt and uncle in December 2018, where she remained at the time of the termination hearing. She is thriving in this placement, and the aunt and uncle intend to adopt the child upon termination. Although section 232.104(2)(d) allows for the establishment of a guardianship as a permanency option, section 232.104(3) requires "a judicial determination that [such a] planned permanent living arrangement is the best permanency plan for the child." *See In re B.T.*, 894 N.W.2d 29, 32–33 (Iowa Ct. App. 2017). Determining the best permanency plan for a child is a best-interests assessment. In determining what is in the best interests of a child, we "give primary

consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2).

While we acknowledge that the mother and child are bonded and the eleven-year-old child wishes to return to her mother's care—although she understands why she cannot do so—we find termination, as opposed to the establishment of a guardianship, to be in the child's best interests. While we hope the mother is able to prevail in her battle with substance abuse, "we cannot deprive a child of permanency after the State has proved a ground for termination" upon such sentiments. *In re A.B.*, 815 N.W.2d 764, 777 (Iowa 2012). The mother has had ample time to get her affairs in order and learn to be a responsible parent. She has been unable to do so. This child needs permanency and stability now. *See id.* at 778.

> There are a number of stern realities faced by a juvenile judge in any case of this kind. Among the most important is the relentless passage of precious time. The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems. Neither will childhood await the wanderings of judicial process. The child will continue to grow, either in bad or unsettled conditions or in the improved and permanent shelter which ideally, at least, follows the conclusion of a juvenile proceeding.
>
> The law nevertheless demands a full measure of patience with troubled parents who attempt to remedy a lack of parenting skills. In view of this required patience, certain steps are prescribed when termination of the parent-child relationship is undertaken under Iowa Code chapter 232. But, beyond the parameters of chapter 232, patience with parents can soon translate into intolerable hardship for their children.

*In re A.C.*, 415 N.W.2d 609, 613 (Iowa 1987).

We affirm the termination of the mother's parental rights.

**AFFIRMED.**